Citation Nr: 1708258 
Decision Date: 03/17/17 Archive Date: 04/03/17

DOCKET NO. 09-21 705 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to a total disability rating for compensation purposes based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and spouse


ATTORNEY FOR THE BOARD

A. Z., Counsel


INTRODUCTION

The Veteran served on active duty from April 1977 to October 1978.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2007 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. The Veteran's claims file is under the jurisdiction of the VA RO in Montgomery, Alabama.

A Travel Board hearing was held in June 2012 before the undersigned. A transcript of that hearing is of record.

In October 2012 and June 2015, the Board remanded the appeal for further development. In October 2015, the RO issued a rating decision granting entitlement to TDIU, effective October 27, 2015. At the same time, the RO issued a Supplemental Statement of the Case which denied an effective date prior to October 27, 2015. However, the Board notes that a Notice of Disagreement has not been filed with respect to the effective date for the award of entitlement to TDIU, and, therefore, such issue is not currently in appellate status.

The issue of service connection for chronic obstructive pulmonary disease as due to in-service exposure to gasoline, jet fuel, and diesel fuel was raised by the record in the Veteran's January 2008 notice of disagreement, and was previously referred by the Board in the June 2015 remand, but has not been adjudicated by the RO. Therefore, the Board does not have jurisdiction over it, and it is again referred to the RO for appropriate action. 38 C.F.R. § 19.9(b) (6).


FINDING OF FACT

In an October 2015 rating decision, the RO awarded the Veteran entitlement to TDIU.


CONCLUSION OF LAW

As the October 2015 award of entitlement to TDIU represents a grant of the benefit sought on appeal, there remains no case or controversy affecting the provision of benefits by VA over which the Board may exercise jurisdiction. 38 U.S.C.A. §§ 511, 5107, 7104 (West 2014); 38 C.F.R. §§ 19.4, 19.5, 20.101 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. 38 U.S.C.A. § 511(a); 38 C.F.R. § 20.101(a). 

One of the principal functions of the Board is to make determinations of appellate jurisdiction. 38 C.F.R. § 19.4. The Board may address questions pertaining to its jurisdictional authority to review a particular case or issue. 38 C.F.R. § 20.101(d).

Although the Veteran perfected an appeal of the October 2007 denial of entitlement to TDIU, in a subsequent rating decision issued in October 2015, the RO granted entitlement to TDIU, thereby resolving the claim. Under these circumstances, the Board finds that the claim for entitlement to TDIU, which was formerly in appellate status prior to October 2015, has been granted by the decision of the lower adjudicative body, fully resolving the Veteran's appeal as to this matter. Hence, there is no longer any case or controversy pending before the Board as contemplated by 38 U.S.C.A. §§ 7104, 7105 and 38 C.F.R. §19.4. In the absence of any justiciable question, the appeal of the claim for entitlement to TDIU must be dismissed.



ORDER

The claim for entitlement to TDIU is dismissed.




____________________________________________
L. M. BARNARD
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs